# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Haley B.,
**Respondent Below, Petitioner**

vs) No. 14-1108 (Webster County 13-D-63)

Shayne B.,
**Petitioner Below, Respondent**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Haley B., by counsel J. Paul Williams, appeals the Circuit Court of Webster County's October 1, 2014, order denying her appeal from the family court's final order modifying custody of the parties' child in favor of respondent.[1] Pro se respondent Shayne B. filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her appeal because the facts on the record did not support a substantial change in circumstances or warrant a custody modification of the parties' parenting plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, respondent filed a petition to modify the custody of the parties' child, M.B. Respondent alleged in the petition that petitioner abused and neglected M.B. by failing to properly supervise the child. According to the petition, respondent had a scheduled weekend visit with M.B. in December of 2013. On the day of the exchange, petitioner informed respondent that she did not want to meet at the exchange location and gave him explanations as to why she could not meet to exchange M.B. Respondent ultimately went to petitioner's home and retrieved M.B. for the weekend visit. Respondent further alleged that, when he picked the M.B. she had a black eye, blisters on one hand, and bite marks on her feet and arms. Respondent took M.B. to the hospital to have her injuries examined and he contacted the DHHR. Respondent also alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

M.B. had a burn on her ear when respondent retrieved her for a scheduled weekend visitation in January of 2014. According to the petition, petitioner provided the DHHR with explanations that were consistent with M.B.'s injuries and they declined to open an abuse and neglect case.

In March of 2014, the family court held a hearing on respondent's petition wherein respondent testified as to the allegations in the petition and further testified that he did not file a petition for modification until after he found the burn on M.B.'s ear because he could "no longer trust the [p]etitioner to properly care" for M.B. Petitioner testified that M.B. fell while running down a hallway, which caused the black eye. Petitioner further testified that M.B.'s burns were caused by a bowl of "scalding hot" chili and a curling iron, respectively, and the bite marks were from another child biting her while she was in the care of a babysitter. Petitioner also testified that she found a new babysitter to care for M.B. At the close of the hearing, the family court found that petitioner attempted to evade respondent's scheduled visitation because of M.B.'s injuries and attempted to conceal M.B. from respondent rather than inform him of M.B.'s injuries. The family court also determined that M.B.'s injuries could have been prevented by proper supervision. The family court found that there was a pattern of injuries while in petitioner's care due to poor supervision that constituted a "material, uncontemplated change in the circumstances of the parties." The family court found that the pattern of poor supervision warranted a modification of the parenting plan and it was in M.B.'s best interest to remove her from the circumstances and place her with respondent. The family court also ordered that petitioner complete parenting education classes.

In April of 2014, petitioner sought reconsideration of the final order in the family court. Petitioner also filed a petition for appeal of the final family court order in the circuit court. The family court denied petitioner's request for reconsideration by order dated April 22, 2014. The circuit court thereafter issued an order refusing petitioner's appeal on October 1, 2014. It is from the circuit court's order that petitioner now appeals.

We have established the following standard of review:

> "[our] standard of review for an appeal from a circuit court that reviewed a family court's final order, or refused to consider a petition for appeal to review a family court's final order, is the same. In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*."

*Carr v. Hancock*, 216 W.Va. 474, 476, 607 S.E.2d 803, 805 (2004). Upon our review, we find no error in the proceedings below.

To begin, petitioner contends that the facts do not support a substantial change in circumstances or warrant a modification of M.B.'s custody. In support of her contention, petitioner argues that M.B.'s injuries do not "exhibit a pattern of abuse or neglect on [petitioner's] part" and are a part of "domestic life," not a failure to supervise. It is clear from the record that the family court found a pattern of injuries due to petitioner's poor supervision. The

family court determined that the pattern of injuries and poor supervision constituted a substantial change in circumstances. West Virginia Code § 48-9-401 provides that a family court

> shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated therein, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

Thus, pursuant to this section, a party may seek a modification of a parenting plan based upon a substantial change in circumstance that was not anticipated in the original parenting plan order or because the parenting plan is not working as contemplated and is manifestly harmful to the child.

While petitioner argues that no grounds exist for modification under the statue, the evidence below established otherwise. It is clear from the record that a substantial change in circumstances occurred since entry of the parties' parenting plan. The evidence established that M.B. had a black eye, blisters on her hand, bite marks on her feet and arms, a burn on her ear, that petitioner attempted to evade respondent's scheduled visitation because of M.B.'s injuries, and attempted to conceal M.B. from respondent rather than inform him of those injuries. The family court determined that M.B.'s injuries could have been prevented by proper supervision. Accordingly, petitioner's pattern of poor supervision constituted a substantial change of circumstances on which a modification of the parenting plan may be based. Similarly, the family court found that it was in M.B.'s best interest to remove her from the circumstances and place her with respondent. Because substantial changes have arisen since entry of the parenting plan and said circumstances were not provided for in that plan, modification of the parenting plan is appropriate because it serves M.B.'s best interests. Therefore, considering the evidence before it, the family court correctly modified the parties' parenting plan based upon a substantial change in circumstances. As such, the circuit court did not err in denying petitioner's appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 1, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II